IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

BILAL JAMIL, JANE DOE, MINOR DOE1, MINOR DOE2, and MINOR DOE3

Plaintiffs,

v.

Windermere Real Estate Services Company, Inc a Washington Corporation,

and Christy Rice, an individual, and DOES 1 to DOE10

Defendants.

Case No. _____

COMPLAINT

1

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. This action arises under the Americans with Disabilities Act and various claims related to discrimination in housing based on disability, race, national origin, and religion, as well as breach of contract, breach of the covenant of good faith and fair dealing, breach of the covenant of quiet enjoyment, breach of the implied warranty of habitability, and conversion of funds.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district and Defendants are located in this district.

## PARTIES

4. Plaintiff BILAL JAMIL is a resident of 2668 E Lake Sammamish Pkwy NE,

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

Sammamish, WA 98074, and is a member of protected classes due to disability, race, national origin, and religion.

5. Plaintiff JANE DOE is the wife of Plaintiff BILAL JAMIL.

6.      Plaintiff MINOR DOE !, Plaintiff MINOR DOE !, Plaintiff MINOR DOE !, are the three minor children of Plaintiff BILAL JAMIL. 2668 E Lake Sammamish Pkwy NE, Sammamish, WA 98074

7. Defendant Windermere Real Estate Services Company is a business entity conducting real estate services in 1151 FAIRVIEW AVE N, SUITE 105, SEATTLE, WA, 98109, UNITED STATES, with its agent for service of process located at CORPORATION SERVICE COMPANY, 300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501, UNITED STATES.

8. Defendant Christy Rice is an agent of Windermere Real Estate Services Company and can be served at 210 Summit Ave. E. Seattle, WA 98102

## FACTUAL ALLEGATIONS

9. Plaintiff applied for housing through Defendants on or about February of 2022.

10. Defendants denied housing to Plaintiff due to his stated disability, charging an excessive security deposit and rent due to that disability, and threatening eviction based on perceived inability to pay rent because of disability and racial status.

11. Defendants further discriminated against Plaintiff by denying housing based on his race and national origin, charging excessive security deposits and rent for these reasons as well.

12. Defendants forced Plaintiff to violate his religious observance of Ramadan by requiring him to vacate the property for repairs during the fasting period.

13. Defendants breached the covenant of quiet enjoyment by failing to make necessary repairs to the property, including:

   a. Failing to provide adequate heating in a home rented for $4,500 per month, subjecting Plaintiff's family to freezing temperatures during winter.

4

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

b. Allowing a hole in the roof that led to prolonged exposure to cold conditions for several months.

c. Leaving dangerous conditions, including a nearly ten-foot drop hole in the ground, which posed a serious risk of injury or death to Plaintiff's child.

d.    Defendants refused necessary repairs and extorted Plaintiff to pay increased rent or face eviction, all while leaving Plaintiff in unsafe living conditions.

14.    Plaintiff was discriminated against on November 22nd, 2022 turned down Plaintiff's rental application after finding out that Plaintiff was retired and on Social Security disability income even though Plaintiff's credit score was over 790 and household combined income was sufficient for the rent and had no debt. Email communication is available to show the evidence about this discrimination incident.

15.    Plaintiff was discriminated against and charged 3 months rent in advance and had to show other assets to prove that I was able to afford the rent. Document

5

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

is available as evidence of this discrimination. Bank Check copies are available to show the evidence about this discrimination incident. A clear violation of State of Washington laws for more detail go to: Installments—Deposits, nonrefundable fees, and last month's rent—Statutory penalty of RCW 59.18.610.

16.   Plaintiff was discriminated against again and charged $300 more in rent(instead of $4500, Plaintiff was charged $4800 per month) than the listed rent on Zillow.com because Plaintiff was repeatedly told that his income was not sufficient from the Social Security Disability income and was considered a risk. Email proof is available as evidence about this discrimination incident.

17.   Plaintiff was discriminated and made felt not worthy or felt like not qualified for the home because of his status and even though the final rent price in the email was agreed upon was $4750 Plaintiff was billed $4800 each month plus the convenience fee for processing the debit. Email communication is available to show the evidence about this discrimination incident.

18.   Plaintiff was discriminated against immediately upon moving in on January 5th, 2023 when we reported the roof leak that was from prior to moving in. Roof area was covered with the blue tarp instead of proper repair. The cold breeze was coming in to the house because of the holes covered with tarp. Plaintiff's 4 year old, 9 year old and the 16 year old were kids were freezing to death because of the

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

holes in the roof. Faulty electrical issues, plumbing, appliance related issues, excessive pest related issues, heating issues, windows and blinds related issues, old garage door related issues and reporting the list of broken items inside the home that needed necessary repairs and maintenance resulted in discrimination against plaintiffs family. Pictures are available for proof about these discrimination incidents.

19.    Property manager Mrs. Christy Rice repeatedly threatened to evict Plaintiff simply because Plaintiff are Asian, Pakistani, Muslim, have a disabled household member, demanding necessary repairs and maintenance required under Washington State laws. (Washington State law  for more detail go to: Substandard and dangerous conditions—Notice to landlord—Government certification—Escrow account of RCW 59.18.115

20.    On March 15th, 2024 Plaintiff reported a discrepancy in the rent price and demanded the correction on the lease renewal paperwork. Property Manager Mrs. Christy Rice discriminated against Plaintiff when she requested to sign the Lease renewal document since our 16 months lease is ending on April 30th, 2024. We told her that we noticed that your company listed this same subject property for the monthly rent amount of $4500 dollars on November 28th, 2022 while he had provided the applications and she was reviewing our paperwork and not willing to

accept plaintiffs applications so you should renew the lease now for $4500 instead of $4800 and she refused.

19.     Plaintiff  told her that a long list of items that were not taken care of that were reported prior to moving were necessary repairs and maintenance related issues that needed timely attention. Many other items were still outstanding even after being reported for 16 months and if repairs and maintenance could not be completed than rent should be reduced.  On March 31st, 2024 Plaintiff told her that we would prefer to do month-to-month lease term because he plan to buy this subject property in August 2024. On April 1st, 2024, Mrs. Rice immediately refused to do month to month and told us that due to Covid-19 she was not offering month to month.

20.     On April 1st, 2024 Property Manager Mrs. Rice voided the paperwork for the lease renewal because Plaintiff demanded the necessary repairs and maintenance items still outstanding since the initial checklist was filled out during the walk-thru prior to obtaining the possession of the property at: 2668 E Lake Sammamish PKWY NE Sammamish, WA 98074 in the presence of the property management personnel: Mr. Mahmud Jeneby while video recording was completed to document all items that needed repairs and maintenance. Reported via email on January 6th, 2023 that necessary repairs were needed but to this day April 4th, 2024

repairs have not been completed. Video, photos and email evidence is available upon request.

21.    Plaintiff was against discriminated on April 1st, 2024 by Mrs. Christy Rice who sent a notice to end tenancy because Plaintiff told her via email and by submitting the repair request ticket on the property management website along with the photos and detail and Plaintiff told her that it has been 16 months that lighting in the kitchen, electrical issues and many other repair and maintenance related are still not fixed and ignored.

22.    Plaintiff has been repeatedly discriminated against for informing Mrs. Christy Rice that any repair or maintenance technical who comes to do the job leaves without fixing the issue or doing little and incomplete repair and most of the time refuse to do any repair because they say that property management told us that the would not approve the work. Plaintiff has been verbally told that property management do not want to pay for the repair so they will not do the work and their necessary recommendations do not get approved by the property management. Plaintiff has evidence to prove this claim that all maintenance personnel gave the same reasons for not doing the work. Plaintiff has their phone numbers and names if needed to further verify this discrimination against them.

23.    On April 2nd, 2024 Plaintiff informed Mrs. Christy Rice that he was willing to do 12 months lease at the rental price she agreed upon in the lease renewal request sent on March 29th, 2024 but on April 3rd, 2024 Mrs. Rice sent an email stating that plaintiff had requested too many repairs in the last 16 months and she would now raise the rent to $5,280.00 per month. This change of her price occurred only within 3 days and due to me sending photos and details about the list of items not repaired for 16 consecutive months. Raising the rent from $4800 per month to $5,280.00 simply in 72 hours because our demands to do the necessary repairs and maintenance.

24.    On March 29th, 2024 Plaintiff told Mrs. Christy Rice that Plaintiff is muslim and currently fasting and observing the month of Ramadan and Plaintiff will not be able to vacate the property due to several reasons including Plaintiff's 4 children's school year is not over, we are about to observe the end of ramadan which is called eid and lastly we have made our rent payment on time and on 1st of every month for the past 16th months since we have signed the lease and we do not have any intentions to leave.

25.    Property Manager Mrs. Christy Rice was clearly involved in breach of doing the necessary repairs and she is clearly discriminating against Plaintiff and demanding Plaintiff to leave the property by April 30th, 2024 if Plaintiff does not sign the lease agreement with the 12 months rent and price of her choice.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

26.     Property Manager Christy Rice never called Plaintiff in 16 months and never went over verbally what is listed on the lease agreement and never explained to us any terms and conditions of the lease agreements and policies. She sent the lease agreement paperwork via Docusign via a link via email. Plaintiff is being forced to pay rent even though she refuses to repair, maintain and take care of the necessary issues related to the subject property that was built in 1977 and has many items outdated and not under the Washington State and local building codes and is in clear violation of the laws.

27.     On January 5th, Prior to moving in and prior to taking the possession of the home and the keys from the Property Manager Assistant Mahmud Jeneby represented by JMW group/ Windermere Property Management. Plaintiff recorded a video while doing the walk thru and documenting the damages and problems in the home located at: 2668 e Lake Sammamish PKWY N Sammamish, WA 98074. Plaintiff documented all of the issues and was promised that repairs and issues will be resolved prior to the moving in but even after almost 2 years most of the issues and the repairs are not completed.

**CLAIMS FOR RELIEF**

### Count I: Violation of the Americans with Disabilities Act

*42 U.S.C. 12101*

28. Plaintiff incorporates all preceding paragraphs.

29. Defendants' actions constitute a violation of the Americans with Disabilities Act under *42 U.S.C. 12101 et seq.*

30.    Defendants' actions in rejecting Plaintiff from the property rental and requiring him to make excessive rental deposit of 3 months rent placed an undue hardship on Plaintiff.

31.    Defendant's failed to offer and disability reasonable accommodations to the Plaintiff's home but, rather placed limitations on him that made his ability to live in the home more difficult.

32. Plaintiff seeks damages for emotional distress, lost housing opportunities, and attorney fees.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

## Count II: Discrimination in Housing Based on Disability

33. Plaintiff incorporates all preceding paragraphs.

34.   It is illegal discrimination to take any of the following actions because of race, color, religion, sex (including gender identity and sexual orientation), disability, familial status, or national origin: Refuse to rent or sell housing. Refuse to negotiate for housing.

35. Defendants' conduct in refusing to rent to Plaintiff despite him meeting the rental criteria, raising the rental rate because of his race, religion and disability, both constitutes unlawful discrimination based on disability.

36. Plaintiff seeks compensatory damages for emotional and economic harm.

## Count III: Discrimination in Housing Based on Race

37. Plaintiff incorporates all preceding paragraphs.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

38. Defendants' conduct constitutes unlawful discrimination based on race.

39. Plaintiff seeks compensatory damages for emotional and economic harm.

### Count IV: Discrimination in Housing Based on National Origin

40. Plaintiff incorporates all preceding paragraphs.

41. Defendants' conduct constitutes unlawful discrimination based on national origin.

42. Plaintiff seeks compensatory damages for emotional and economic harm.

### Count V: Discrimination in Housing Based on Religion

43. Plaintiff incorporates all preceding paragraphs.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

44. Defendants' actions violate Plaintiff's rights by forcing him to vacate during Ramadan, as te4h Plaintiff is a practicing Muslim.

45. Plaintiff seeks compensatory damages for emotional and economic harm.

## Count VI: Breach of Contract

46. Plaintiff incorporates all preceding paragraphs.

47. Plaintiff and defendants entered into a lengthy written rental agreement that included promises by the Defendants that certain repairs would be made to keep the large home built in the 1970s up to rental standard for the Plaintiff and his family.

48. As consideration for this lease agreement the Plaintiff tendered more then $15,000.00 to the Defendant.

49.   Defendant took the money and failed to make any of the material repairs that were promised and that were required to make the home habitable. Defendants breached the rental agreement.

50. Plaintiff seeks damages resulting from the breach.

## **Count VII: Breach of the Covenant of Good Faith and Fair Dealing**

51. Plaintiff incorporates all preceding paragraphs.

52. Defendants acted in bad faith in entering into the rental agreement as they knew they never intended to make any of the necessary repairs to make the Plaintiffs home habitable as the rental lease required.

53. Plaintiff seeks damages for this breach.

## **Count VIII: Breach of the Covenant of Quiet Enjoyment**

54. Plaintiff incorporates all preceding paragraphs.

55. Defendants interfered with Plaintiff's quiet enjoyment of the property by failing to fix the heater requiring the Plaintiff and his family to have to replcate3 to an

hotel for several months due to the extreme cold weather necessitated by the large hole in the roof that the defendants refuse to fix.,.

56. Plaintiff seeks damages for this breach.


## Count IX: Breach of the Implied Warranty of Habitability

57. Plaintiff incorporates all preceding paragraphs.

58. Defendants failed to maintain the property in a habitable condition, leaving holes in the roof, holes in the floor, broken appliances, mold, extreme cold weather requiring the plaintiff and his family to stay in a hotel..

59. Plaintiff seeks damages for this breach.


## Count X: Conversion of Funds

60. Plaintiff incorporates all preceding paragraphs.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT

61. Defendants wrongfully converted funds belonging to Plaintiff when it received the large sums of rents from Plaintiff of approximately $5,300.00 a month for 18 months totaling nearly $100,000.00 and such taking was illegal..

62. Plaintiff seeks damages equal to the value of the converted funds.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A. Compensatory damages for all claims;

B. Punitive damages where applicable;

C. Attorney fees and costs;

D.     Punitive Damages to punish or deter future vile and malicious conduct such as that of these defendants,

D. Any other relief the Court deems just and proper.

COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF UNDER AMERICAN WITH DISABILITIES ACT