THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BILAL JAMIL, *et al.*,

                Plaintiffs,

      v.

WINDERMERE REAL ESTATE SERVICES
COMPANY, INC., *et al.*,

                Defendants.

CASE NO. C24-1585-JCC

ORDER

This matter comes before the Court on Defendants' collective motions to dismiss (Dkt. Nos. 20, 31). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motions and DISMISSES Plaintiffs amended complaint (Dkt. No. 9) without prejudice for the reasons explained herein.

I.      **BACKGROUND**

This case follows the termination of Plaintiffs' home rental. According to the amended complaint (Dkt. No. 9), which incorporates portions of Plaintiff's originally filed complaint (Dkt. No. 1), they rented a home from Defendant Windermere Real Estate Services Company, which was managed by Defendant Christy Rice. (*See* Dkt. No. 9, at 4, 7.) While the complaint largely contains conclusory statements of law, making key facts hard to discern, it would appear, at a minimum, that Plaintiffs allege Defendants engaged in the following conduct: (1) failed to make

ORDER
C24-1585-JCC
PAGE - 1

timely repairs to the property, (2) demanded that Plaintiffs vacate the property during Ramadan, and (3) failed to return Plaintiffs' entire rental security deposit. (*Id.* at 4, 10, 18.) Windermere and Ms. Rice now move to dismiss pursuant to Rule 12(b)(5) on the basis that Plaintiffs did not timely serve them with either complaint. (*See* Dkt. Nos. 20, 31.)[1]

## II.   DISCUSSION

A plaintiff must effectuate service on a defendant within 90 days after filing the complaint. Fed. R. Civ. P. 4(m); *see Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). And that service must be demonstrated through an affidavit (or "proof") of service. Fed. R. Civ. P. 4(l). If a defendant is not served within this period, the Court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or (in its discretion) order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Here, Plaintiffs first named Ms. Rice as a defendant on October 1, 2024. (*See generally* Dkt. No. 1.) Plaintiffs assert that Ms. Rice was then served on October 2, 2024, at 210 Summit Ave. E. in Seattle, WA 98102. (Dkt. No. 28 at 1.) But the proof of service (which Plaintiffs only recently filed) is dated much later: September 22, 2025. (*Id.* at 7.) Thus, even if service was proper, the affidavit is untimely.[2] *See N.W. Laborers Employers Health & Sec. Tr. v. Pro Clean NW LLC*, 2024 WL 5075179, slip op. at 1 (W.D. Wash. 2024). Nor would it appear that service on Ms. Rice was proper.

To serve a defendant in their individual capacity, a plaintiff must effect service in accordance with state law or through one of the following procedures: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the

---

[1] Alternatively, Windermere moves to dismiss pursuant to Rule 12(b)(6), although the motion is devoid of argument in support. (*See generally* Dkt. No. 31.) Because, as discussed below, the Court finds insufficient service of process as to each defendant, it will not address Windermere's alternative request.

[2] *See also Mann v. Castiel*, 681 F.3d 368, 371 (D.C. Cir. 2012) (holding that a failure to timely submit proof of service may be part of district court's consideration in granting Rule 4 extensions).

ORDER
C24-1585-JCC
PAGE - 2

individual's dwelling or usual place of abode; or (3) providing a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1)–(2). And under Washington law, a defendant can be served either personally or by leaving a copy of the summons at the defendant's usual abode with "some person of suitable age and discretion then resident therein." RCW 4.28.080(14). According to the affidavit, delivery of the summons and complaint on Ms. Rice was made "to a person of suitable age" at Windermere's "property management office." (Dkt. No. 28 at 7.) Meaning, it is not Ms. Rice's abode but, perhaps, her work. Thus, it needed to be served personally. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). And it was not. Accordingly, Ms. Rice was never properly served. Thus, service on Ms. Rice is inadequate.

As to Windermere, Plaintiffs assert that they served the company at its "Property Management[] business office" at 210 Summit Ave. E. in Seattle, Washington, 98102. (Dkt. No. 32 at 2.) But as Windermere points out, neither its corporate officers nor registered agent are located where Plaintiffs attempted service. (Dkt. No. 33 at 2.) In support, Windermere provides a screenshot of the Washington Secretary of State website illustrating that neither it nor its statutory agent is located at the address where service was made.[3] (Dkt. No. 33-1 at 5.)

To serve a corporate defendant, a plaintiff must comply with Federal Rule of Civil Procedure 4(h). It provides that a plaintiff can affect service by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent" authorized by law. Fed R. Civ. P. 4(h)(1)(B). And under Washington law, in addition to personal service on an officer, corporate service may also be made on a registered agent. RCW

---

[3] Windermere requests that the Court take judicial notice of the Washington State Secretary of State website. This request is GRANTED because the Secretary of State website is not subject to reasonable dispute. *See, e.g.*, *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 805 F. Supp. 2d 932, 936 (C.D. Cal. 2011) ("A court must take judicial notice if a party requests it and supplies the court with the requisite information.").

ORDER
C24-1585-JCC
PAGE - 3

23.95.450(1). Plaintiffs have failed to do any of the above as to Defendant Windermere. Thus, service on Windemere is also inadequate.

Separately, Plaintiffs respond that Defendants, by entering a limited appearance here and so moving for dismissal, waived their service of process defense. (*See* Dkt. No. 32 at 2.) Indeed, Federal Rule of Civil Procedure 12(h)(1) provides that a defense to insufficient service is waived when a party appears and (1) raises the defense in a subsequent motion when it could have been raised earlier; or (2) fails to make a motion under Rule 12 raising the defense. But neither applies here—Defendants made only limited appearances. (*See* Dkt. Nos. 20 at 1, 31 at 1.) Nevertheless, say Plaintiffs, Defendants waived service requirements by "extensively participating" in litigation, including filing motions, declarations, proposed orders, a notice of appearance, and substituting counsel. (*See* Dkt. No. 32 at 2.)[4] None of these represent a general appearance. *See Martens v. Winder*, 341 F.2d 197, 200 (9th Cir. 1965) ("Appellant contends that if in fact appellee's defense of improper service is meritorious, he has nevertheless waived his objection by proceeding to contest the suit by filing motions for more definite statements, motions to dismiss on grounds other than a lack of *in personam* jurisdiction, and by directing interrogatories to the appellant. But such a contention ignores the express language and purpose of Rule 12 . . . .") (italics added). And because neither Defendant has made a general appearance, they have not waived Rule 4's service requirements. Plaintiffs' waiver argument is meritless.

Finally, Plaintiffs also ask that, even if service was imperfect, the Court should extend the time for service pursuant to Rule 4(m). (Dkt. No. 32 at 1.) Indeed, the Court must "grant an extension of time if good cause is shown." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th

---

[4] In support, Plaintiffs rely on *Benny v. Pipes* and *Jackson v. Hayakawa*, but neither of these authorities stand for the proposition advanced by Plaintiffs. (*See id.* at 4) (citing 799 F.2d 489 (9th Cir. 1986); 682 F.2d 1344 (9th Cir. 1982)). In *Benny*, the Ninth Circuit held that general appearances (such as requesting additional time to respond to plaintiff's complaint) can waive an objection to service under Rule 4. 799 F.2d at 492. And the court in *Jackson* held that voluntary general appearances (including filing an answer to the plaintiff's complaint) waive objections to service. 682 F.2d at 1347. But that is not what happened here.

ORDER
C24-1585-JCC
PAGE - 4

Cir. 2003). But it is a plaintiff's burden to establish good cause. *Tucker v. City of Santa* Monica, 2013 WL 653996 slip op. at 2 (C.D. Cal. 2013). And Plaintiffs here fail to do so here.[5]

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Rule 12(b)(5) motions (Dkt. Nos. 20, 31) and DISMISSES Plaintiffs' amended complaint (Dkt. No. 9) without prejudice.

DATED this 12th day of February 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] The Court considered the following in making this determination: (1) a statute of limitations bar; (2) prejudice to the defendants; (3) actual notice of the action; and (4) eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

ORDER
C24-1585-JCC
PAGE - 5